# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT   [ ] INFORMATION   [ ] INDICTMENT
    [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

## OFFENSE CHARGED

18 U.S.C. § 922(o) (Transfer or possession of a machinegun)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: 10 Years Imprisonment;
3 Years Supervised Release;
$250,000 Fine; and
$100 Special Assessment

**DEFENDANT - U.S**

▶ NOAH KANAYE BAUER

DISTRICT COURT NUMBER

1:25-mj-70294-MAG

**FILED**
Mar 10 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
**FBI SA Katelynn Lee Furtado**

[ ] person is awaiting trial in another Federal or State Court, give name of court
_____

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  [ ] U.S. ATTORNEY   [ ] DEFENSE

SHOW DOCKET NO. _____

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form   **PATRICK D. ROBBINS**
[X] U.S. Attorney   [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   **Michelle J. Kane**

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [X] If not detained give date any prior summons was served on above charges ▶ _____

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) [ ] On this charge

5) [ ] On another conviction   [ ] Federal   [ ] State

6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?   [ ] Yes   [ ] No   If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS   [ ] NO PROCESS*   [X] WARRANT   Bail Amount: _____

If Summons, complete following:
[ ] Arraignment   [ ] Initial Appearance

Defendant Address:
_____

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>NOAH KANAYE BAUER<br><br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:25-mj-70294-MAG<br>)<br>)<br>)<br>) |

**FILED**
Mar 10 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 6, 2024 in the county of Contra Costa in the
Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sec. 922(o) | Transfer or possession of a machinegun |

This criminal complaint is based on these facts:
See Affidavit.

☒ Continued on the attached sheet.

Approved as to form ____/S/_____
AUSA Michelle Kane

/s/
*Complainant's signature*

FBI SA Katelynn Lee Furtado
*Printed name and title*

Sworn to before me by telephone.

Date: 03/10/2025

*Judge's signature*

City and state:  McKinleyville, CA

ROBERT M. ILLMAN, U.S. Magistrate Judge
*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**</u>

I, Katelynn Lee Furtado, Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, hereby declare as follows:

**I.    INTRODUCTION AND AFFIANT BACKGROUND**

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Noah BAUER (hereinafter, "BAUER") for violation of 18 U.S.C. § 922(o) – transferring or possessing an unregistered machinegun, within the Northern District of California.

2. I am a Special Agent ("SA") of the United States Department of Justice, Federal Bureau of Investigation ("FBI"), and have been so employed since April 2023. After being hired as a Special Agent, I attended an 18-week academy in Quantico, Virginia, where I was trained in various federal investigations. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. I am currently assigned to the Domestic Terrorism Squad of the FBI's San Francisco Field Office, in the Oakland Resident Agency, and have been assigned to this since September 2024. The primary mission of this squad is to investigate and prosecute the illegal activities of U.S. citizens motivated by extremist ideological beliefs. As a Special Agent for the FBI, I have participated in a variety of federal investigations, including investigations related to narcotics trafficking, firearms violations, homicide, crimes against children, and organized crime investigations.

4. The facts in this affidavit come from my personal observations, my training and

experience, information from records and databases, and information obtained from other agents and witnesses. This affidavit does not set forth all of my knowledge about this matter; it is intended to only show that there is sufficient probable cause for the requested warrant.

## II. APPLICABLE LAW

5. Title 18, United States Code, Section 922(o) (Transfer or Possession of a Machinegun) provides as follows: "[I]t shall be unlawful for any person to transfer or possess a machinegun." Section 922(o) incorporates the definition of a machinegun in **26 U.S.C. § 5845(b)**, which provides as follows:

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term also . . . include[s] the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

6. Based on my training and experience, I am aware of machinegun conversion devices that have been designed and created for the sole purpose of converting a semi-automatic Glock type pistol into a fully automatic machinegun. These devices vary by design and appearance but generally, when installed on a semi-automatic Glock type pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger. Installation of these devices is fast and simple, requires no technical expertise, and is completed by removing the original polymer slide cover plate and replacing it with the device. I know that Glock, Inc. does not manufacture, distribute, or sell these types of devices. I also know that these devices are referred to by different names, including "switches," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock (FSSGs)." These machinegun conversion devices are classified as machineguns, as such devices

2

are "any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b).

### III. FACTS SUPPORTING PROBABLE CAUSE

7. On September 6, 2024, the Brentwood Police Department ("BPD") responded to a call of two males inside the Raley's Grocery Store at 2400 Sand Creek Road, Brentwood, California, one of them holding a black handgun while in the middle of a grocery aisle. BPD responding officers located and contacted two male subjects seen at the end of aisle 5, who were later identified as BAUER and his brother, C.B.[1] A BPD Officer detained BAUER and C.B. A BPD Officer handcuffed BAUER and removed a black 3D printed Glock style firearm from the front of his waistband. A BPD Officer examined the firearm that was removed from BAUER's waistband and saw there was no serial number on it.

8. BPD Officers interviewed both C.B. and BAUER separately after reading them their *Miranda* rights. The interviews were video recorded. C.B. mentioned to BPD Officers that BAUER was making firearms at home and there might be other firearms at the house. During the interview, a BPD Officer asked BAUER if he would be willing to show them his 3D printer and show that he is not manufacturing firearms for a personal armory at his home. BAUER consented to a search of his residence and completed a BPD consent to search form.

9. Later the same day, BPD conducted a consent search at the residence, where BAUER resides with his parents and brother. In the course of the search, BPD located a 3D printing machine, three 3D printed pistol frames, and a 3D printed machinegun conversion device found in two separate pieces (hereinafter, "conversion device"), all in BAUER's room.

---

[1] The identity of C.B. is known to the FBI and is anonymized here.

Below are two photographs taken by a BPD officer during the search depicting the three 3D printed pistol frames and the two pieces of the conversion device that BPD found. A BPD Officer questioned BAUER on what the two pieces of the conversion device were used for, and BAUER stated, "to make it shoot faster." BPD replied, "Fully automatic, right?" and BAUER stated, "Yeah."

 

10.     A BPD Officer was able to view files loaded and/or recently used on the 3D printer and observed two files ("SEAR TIP" and "SEAR BODY")[2] that appeared to be utilized to manufacture the two pieces of the machinegun conversion device recovered. Below are photographs taken by a BPD Officer of the 3D printer, the screen of the 3D printer depicting the file list, and the files themselves.

---

[2] As noted above, "auto sear" is one name commonly used for a machinegun conversion device.

 

 

11.     During BPD's consent search of the residence, BAUER walked the BPD officer to a computer that BAUER identified as his own. With BAUER's consent, a BPD Officer was able to view on the computer the program BAUER used for his 3D printer and the web history of the computer, which contained records for websites related to machinegun conversion devices, such as:

      a.   DIY Full Auto Assault Shotgun Construction Plans

      b.   Turning Your AR-15 into an M-16

      c.   The History of Drop-In Auto Sears – Playeur

      d.   3D Printed G19 (DD19.2) Parts Kit | Husky Armory

      e.   "How to buy ammo and stay legal"

12.     In November 2024, an ATF Firearms Enforcement Officer conducted a function

test on the conversion device seized from BAUER to determine whether the conversion device could turn a weapon into a machinegun. The ATF officer described the device as composed of a thin polymer "leg," and a housing/body, configured as a drop-in replacement part for the polymer slide cover-plate of a Glock-type pistol. According to the ATF officer, the device is designed and intended to convert a semiautomatic, Glock-type pistol into a machinegun by utilizing the extended "leg" to push the trigger bar down and out of engagement with the firing pin as the slide closes, releasing the partially retracted firing pin to travel forward and fire a cartridge.

13. For the test, the ATF officer attempted to install the device with both pieces assembled into a pistol. During the installation, when the slide of the pistol moved forward, the "leg" of the device broke into two separate pieces rendering it unable to be function tested or fired. The ATF officer recovered and retained the broken pieces. The ATF officer conducting the test believed that the polymer used in the 3D printing process was not sufficiently resilient to withstand the force exerted by the pistol. To preserve the integrity of the evidence, no further testing was conducted. The ATF officer concluded that BAUER's conversion device is a combination of parts designed and intended for use in converting a weapon into a machinegun; therefore, BAUER's conversion device is considered a "machinegun."

//

## IV. CONCLUSION

14. Based on the information above, there is probable cause to believe that on or about September 6, 2024, within the Northern District of California, the defendant, Noah BAUER, possessed a machinegun conversion device, in violation of Title 18, United States Code, Section 922(o) - transfer or possession of a machinegun.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____/s/_____
KATELYNN LEE FURTADO
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this _10th day of __March 2025. This application and warrant are to be filed under seal.

_____
HONORABLE ROBERT M. ILLMAN
United States Magistrate Judge