UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>        Plaintiff,<br>     v.<br>NOAH KANAYE BAUER,<br>        Defendant. | Case No. 25-cr-00079-AMO-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

This is a criminal case involving charges of possession of a 3D-printed machinegun conversion device. Defendant Noah Bauer's motions to dismiss and motion to suppress were heard before this Court on July 14, 2025. This Order considers only the motion to dismiss; the Court takes up the motion to suppress in a separate order also issued this day. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **DENIES** Bauer's motion to dismiss for the following reasons.

I.    **BACKGROUND**

The background of this case is discussed in depth in the Court's Order considering Bauer's motion to suppress, so the Court only briefly recounts the factual background to provide context for this Order.

On September 6, 2024, the Brentwood Police Department ("BPD") responded to a call regarding two men inside a Raley's grocery store, one of which was holding a handgun while in the middle of a grocery store aisle. Dkt. No. 1 at 3. BPD Officers detained the two men, who were later identified as Noah Bauer and his brother. *Id.* Following arrest and interrogation, Bauer consented to a search of his residence, and the search took place later that same day. *Id.* BPD

1  found in Bauer's bedroom a 3D printing machine, three 3D printing pistol frames, and a 3D
2  printed machinegun conversion device found in two separate pieces. *Id.* at 4. Additionally, a
3  BPD detective was able to view files recently used on the 3D printer and observed two files that
4  appeared to be utilized to manufacture the two pieces of the machinegun conversion device
5  recovered. *Id.*

6  On March 20, 2025, a grand jury returned an indictment charging Bauer with one count of
7  violating Title 18 U.S.C. § 922(o) for knowingly being in possession of "a machinegun, that is, a
8  3D-printed machinegun conversion device, commonly known as a 'switch' or 'auto sear.' " Dkt.
9  No. 12.

## II. DISCUSSION

Bauer moves to dismiss the indictment on two grounds: (1) Section 922(o) violates the Second Amendment and (2) Section 922(o) exceeds Congress's legislative authority under the Commerce Clause. Dkt. No. 18 ("Mot.") at 7. Because both arguments fail in light of binding Ninth Circuit precedent, Bauer's motion to dismiss must be denied.

### A. Second Amendment

Bauer argues that Title 18 U.S.C § 922(o), as applied to him, violates the Second Amendment. Mot. at 2. The Second Amendment "creates an individual right to keep and bear arms for self-defense." *Duncan v. Bonta*, 133 F.4th 852, 864 (9th Cir. 2025) (en banc). To determine whether a law or application thereof impermissibly infringes on a person's Second Amendment rights, courts first must determine whether "the Second Amendment's plain text covers an individual's conduct." *Duncan*, 133 F.4th at 864 (quoting *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 24 (2022)). If so, that conduct is presumptively constitutionally protected. *Id.* at 864. In the second step, the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* (quoting *Bruen*, 597 U.S. at 24). In 2012, after *Heller* but before *Bruen*, the Ninth Circuit rejected an argument that the Second Amendment protects the right to possess a homemade machinegun in the home, concluding that machineguns are "dangerous and unusual" weapons outside the scope

of the Second Amendment. *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012). The Ninth Circuit has not addressed the constitutionality of Section 922(o) since *Bruen*.

In this case, Bauer asserts that (1) the Second Amendment covers the conduct he has been charged with (possessing a machine gun, which he argues is an "arm" protected by the Second amendment); and (2) the Government has failed to meet its burden of establishing that criminalizing the possession of a single machinegun in the home is consistent with the Nation's historical tradition of firearm regulation. Mot. at 3, 5.

The Ninth Circuit has rejected Bauer's first argument, obviating any need to reach the second argument. As noted above, the *Henry* court concluded that machineguns are "dangerous and unusual" weapons outside of the scope of the Second Amendment. *Henry*, 688 F.3d at 638. Recognizing this precedent, Bauer asserts that the Supreme Court's opinion in *Bruen* invalidates the Ninth Circuit's opinion in *Henry*. Mot. at 2-3 (citing *Bruen,* 597 U.S. at 24). But published decisions of the Ninth Circuit constitute binding authority on the lower courts within the Circuit and must be followed unless and until they are overruled by a "body competent to do so." *In re Zermaeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017). Indeed, district courts are bound to apply precedent from the Court of Appeals until "the relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). "The clearly irreconcilable requirement is a high standard . . . [i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quotation marks and citations omitted). Rather, "[s]o long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (quotation marks and citation omitted). The Court must accordingly consider whether the Supreme Court's opinion in *Bruen* effectively undercut the Ninth Circuit's opinion in *Henry* in such a way that the cases are "clearly irreconcilable."

Though Bauer argues that *Bruen* effectuated a "sea change" in Second Amendment law, Mot. at 3 (quoting *United States v. Duarte*, 137 F.4th 743, 747 (9th Cir. 2025)), *Henry* is not

3

1  "clearly irreconcilable" with the Supreme Court's more recent opinion in *Bruen* or its progeny.  As
2  another district court recently discussed more in depth in a nearly identical challenge to the
3  validity of Section 922(o), the Ninth Circuit in *Henry* "never reached the interest-balancing step
4  assertedly prohibited by *Bruen*."  *See United States v. Chan*, No. 22-CR-00109-DKW, 2024 WL
5  4028019, at *5-6 (D. Haw. Sept. 3, 2024).  *Henry* instead relied on *Heller* to conclude that because
6  "machine guns are highly 'dangerous and unusual weapons' that are not 'typically possessed by
7  law-abiding citizens for lawful purposes,' " they are not afforded Second Amendment protection.
8  *Henry*, 688 F.3d at 640 (citing *Heller*, 554 U.S. at 625, 627).  Since *Henry* did not reach beyond
9  the first step of the analysis, *Bruen*'s holding does not affect *Henry*'s validity, nor is *Henry*
10 "clearly irreconcilable" with the more recent opinion in *Bruen*.  Bound to follow Ninth Circuit
11 precedent, this Court must find that machineguns are "dangerous and unusual weapons . . . not
12 entitled to Second Amendment protection," and it must reject Bauer's as-applied challenge.
13 *Henry*, 688 F.3d at 640.

14 Bauer cites to two district court orders from outside of this Circuit to support his challenge,
15 urging this Court to follow those two decisions granting motions to dismiss Section 922(o)
16 prosecutions for violating the Second Amendment.  Mot. at 3 (citing *United States v. Brown*, 764
17 F. Supp. 3d 456 (S.D. Miss. 2025); *United States v. Morgan*, 2024 WL 3936767 (D. Kan. 2024)).
18 Having determined that clear, binding Ninth Circuit authority resolves Bauer's constitutional
19 challenge, the Court declines to extend these out-of-circuit district court cases any persuasive
20 value.  In sum, the Court finds that the Second Amendment does not render the prosecution of
21 Bauer unconstitutional, and the Court accordingly denies Bauer's motion to dismiss on that basis.

22 **B.     Commerce Clause**

23 Bauer further argues that Section 922(o) exceeds Congress's power to regulate interstate
24 commerce, claiming that the statute is therefore invalid facially and as applied to his conduct.
25 Mot. at 5.  Because the Ninth Circuit has already addressed the constitutionality of Section 922(o),
26 Bauer's argument implicates a foundational inquiry similar to the discussion above regarding the
27 precedential effect of earlier Ninth Circuit authority following intervening Supreme Court
28 precedent.  Relevant here, the Ninth Circuit earlier rejected a facial Commerce Clause challenge to

4

the validity of Section 922(o), and it also rejected an as-applied Commerce Clause challenge to Section 922(o) in a case substantially similar to this one. *United States v. Stewart* ("*Stewart II*"), 451 F.3d 1071 (9th Cir. 2006) (rejecting a Commerce Clause challenge to Section 922(o) as applied to the defendant's possession of homemade machineguns).

In his facial challenge, Bauer avers that the Commerce Clause does not authorize Congress to criminalize possession of machineguns. Mot. at 7-9. The Ninth Circuit, however, has rejected a nearly identical assertion that Congress lacked authority to ban machineguns under the Commerce Clause. *Stewart II*, 451 F.3d at 1078 ("We therefore hold that Congress had a rational basis for concluding that in the aggregate, possession of homemade machineguns could substantially affect interstate commerce in machineguns.").[1] Indeed, the Ninth Circuit subsequently affirmed this premise. *See Henry*, 688 F.3d at 642. The Court thus returns to the "clearly irreconcilable" standard to assess whether intervening authority displaces the precedential effect of *Stewart II*. *Close*, 894 F.3d at 1073. Contrary to Bauer's contention here, *Heller* did not consider the Commerce Clause at all and accordingly did not overrule *Stewart II*'s Commerce Clause precedent; rather, *Heller* only overruled *Stewart II*'s conclusion that the Second Amendment did not confer individual rights. *Henry*, 688 F.3d at 642. Bauer further argues that the individual rights the Second Amendment conferred per *Heller* required Congress "to make particularized findings in order to legislate" possession of arms through Section 922(o), reasoning that the *Stewart II* court's reliance on a rational basis test leaves it irreconcilable with *Bruen*. Mot. at 11. However, Bauer's contention rests on the assumption that possession of machineguns and machinegun conversion devices are protected by the Second Amendment, a premise dispatched for the reasons discussed above. As a result, the decisions in *Stewart II* and *Henry* are not "clearly irreconcilable" with *Bruen*, and they remain binding. This Court must consequently "reject

---

[1] Despite Bauer's entreaties, *see, e.g.*, Mot. at 8, the Court declines to rely on *United States v. Stewart*, 348 F.3d 1132 (9th Cir. 2003) (*Stewart I*) and the *Morrison/Lopez* framework applied therein. *Stewart I* was vacated following the *Raich* decision, and as result, it has no application here. *Gonzalez v. Raich*, 545 U.S. 1 (2005). *Stewart I* was reconsidered in *United States v. Stewart* ("*Stewart II*"), 451 F.3d 1071 (9th Cir. 2006), which remains binding to the extent discussed herein.

[Bauer's] claim that Congress did not have authority to enact § 922(o)'s ban on machineguns pursuant to the Commerce Clause." *Henry*, 688 F.3d at 642.

In his as-applied challenge to Section 922(o), Bauer contends that the criminalization of merely possessing the machinegun conversion device in his home conflicts with subsequent Supreme Court authority undermining congressional authority to regulate anticipated economic authority. *See* Mot. at 9-10 (citing *Nat'l Fed. Of Independent Business v. Sebelius*, 567 U.S. 519, 557 (2012)). The Ninth Circuit already considered the impact of *Sebelius* on *Stewart II* and expressly determined that it does not overrule *Stewart II*'s Commerce Clause reasoning. *See Henry*, 688 F.3d at 642 n.5 (distinguishing Section 922(o)'s clear "prohibition" on conduct and recognizing that, even if *Sebelius* "changed Supreme Court precedent regarding the Commerce Clause, we conclude it would not overrule *Stewart [II]*."). Following this precedent, the Court similarly rejects Bauer's challenge to Section 922(o)'s regulation of economic activity as-applied to his alleged possession.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Bauer's motion to dismiss the indictment as unconstitutional under both the Second Amendment and the Commerce Clause.

**IT IS SO ORDERED.**

Dated: September 2, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**