CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
AMANI S. FLOYD (CABN 301506)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-7234
     Richard.Ewenstein@usdoj.gov
     Amani.Floyd@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 4:25-CR-00079-AMO |
|---|---|---|
| Plaintiff, | ) | **JOINT PROPOSED JURY INSTRUCTIONS** |
| v. | ) | |
| NOAH KANAYE BAUER, | ) | |
| Defendant. | ) | |

1    The parties jointly propose the following jury instructions, with any objections and supporting

2    arguments for disputed instructions noted.  Instructions that may or may not be applicable are marked "if

3    applicable."  The parties respectfully reserve the right to request additional instructions by the close of

4    evidence at trial.  *See* Fed. R. Crim. P. 30(a).

5

6    DATED:        November 12, 2025                    Respectfully submitted,

7                                                       CRAIG H. MISSAKIAN

8                                                       United States Attorney

9                                                       _____/s/_____

10                                                      RICHARD EWENSTEIN

11                                                      AMANI S. FLOYD
                                                        Assistant United States Attorneys

12

13   DATED:        November 12, 2025                    Respectfully submitted,

14

15                                                      _____/s/_____
                                                        JOHN PAUL REICHMUTH

16                                                      KAITLYN FRYZEK
                                                        Counsel for Noah Bauer

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS                                                              2
4:25-CR-00079-AMO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED PROCEDURAL INSTRUCTIONS FROM
MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS
OF THE NINTH CIRCUIT**

**PRELIMINARY INSTRUCTIONS**

| Page No. | Model Instruction No. | Title | Parties' Notes |
|---|---|---|---|
| 7 | 1.1 | Duty of Jury | |
| 7 | 1.2 | The Charge—Presumption of Innocence | |
| 7 | 1.3 | What is Evidence | |
| 7 | 1.4 | What is Not Evidence | |
| 8 | 1.5 | Direct and Circumstantial Evidence | |
| 8 | 1.6 | Ruling on Objections | |
| 8 | 1.7 | Credibility of Witnesses | |
| 9 | 1.8 | Conduct of Jury | |
| 10 | 1.9 | No Transcript Available to Jury | |
| 10 | 1.10 | Taking Notes | |
| 10 | 1.11 | Outline of Trial | |
| 11 | 1.14 | Questions to Witnesses by Jurors During Trial | Option One |
| 11 | 1.16 | Bench Conferences and Recesses | |

## INSTRUCTIONS DURING COURSE OF TRIAL

| Page No. | Model Instruction No. | Title | Parties' Notes |
|---|---|---|---|
| 11 | 2.1 | Cautionary Instruction | |
| 12 | 2.3 | Stipulations of Fact | If applicable |
| 12 | 2.4 | Judicial Notice | If applicable |
| 12 | 2.6 | Transcript of Recording in English | |
| 12 | 2.10 | Other Crimes, Wrongs, or Acts of Defendant | If applicable. The parties have submitted *in limine* motions regarding the admissibility of certain evidence under Rule 404(b). |
| 13 | 2.12 | Evidence for a Limited Purpose | If applicable |
| 13 | 3.1 | Statements by Defendant | |
| 13 | 3.3 | Other Crimes, Wrongs, or Acts of Defendant | If applicable. The parties have submitted *in limine* motions regarding the admissibility of certain evidence under Rule 404(b). |
| 13 | 3.8 | Impeachment Evidence—Witness | If applicable |
| 13 | 3.15 | Dual Role Testimony: Fact and Expert Witness | |
| 14 | 3.16 | Charts and Summaries Not Admitted into Evidence | If applicable |

## JURY DELIBERATIONS – TO BE READ BEFORE OR AFTER CLOSING ARGUMENTS

| Page No. | Model Instruction No. | Title | Parties' Notes |
|---|---|---|---|
| 14 | Taken from Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2024 Edition, 2.43I | Possession of a Machinegun | |

| 14 | Definition of machinegun | Taken from 26 U.S.C. § 5845(b) and cited cases | Both parties reserve the right to request additions to, deletions from, or modifications of this definition so as to conform to the evidence at trial. |
|---|---|---|---|
| 15 | 4.8 | Knowingly | |
| 16 | 6.1 | Duties of Jury to Find Facts and Follow Law | |
| 16 | 6.2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | |
| 16 | 6.3 | Defendant's Decision Not to Testify | If applicable |
| 16 | 6.4 | Defendant's Decision to Testify | If applicable |
| 16 | 6.5 | Reasonable Doubt – Defined | |
| 17 | 6.6 | What is Evidence | |
| 17 | 6.7 | What is Not Evidence | |
| 17 | 6.8 | Direct and Circumstantial Evidence | |
| 18 | 6.9 | Credibility of Witnesses | |
| 18 | 6.10 | Activities Not Charged | Disputed.  If applicable.  The parties have submitted *in limine* motions regarding the admissibility of certain evidence under Rule 404(b). |

| 15 | 6.15 | Possession— Defined | |
|----|------|---------------------|---|
| 15 | 6.18 | On or About— Defined | |
| 19 | 6.19 | Duty to Deliberate | |
| 19 | 6.20 | Consideration of Evidence— Conduct of the Jury | |
| 20 | 6.21 | Use of Notes | |
| 20 | 6.22 | Jury Consideration of Punishment | |
| 20 | 6.23 | Verdict Form | |
| 20 | 6.24 | Communication with Court | |
| 20 | 6.31 | Post-Discharge Instruction | |

# PRELIMINARY INSTRUCTIONS

## Jury Instruction No. 1: Duty of Jury

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.1

## Jury Instruction No. 2: The Charge—Presumption of Innocence

This is a criminal case brought by the United States government. The government charges the defendant with possession of a machinegun. The charge against the defendant is contained in the Indictment. The Indictment simply describes the charge the government brings against the defendant. The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.2

## Jury Instruction No. 3: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.3

## Jury Instruction No. 4: What is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

1      Second, questions and objections of the attorneys;

2      Third, testimony that I instruct you to disregard; and

3      Fourth, anything you may see or hear when the court is not in session even if what you see or hear
is done or said by one of the parties or by one of the witnesses.

4

5      **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
Edition (Last Updated March 2025), Instruction No. 1.4

6                              **Jury Instruction No. 5: Direct and Circumstantial Evidence**

7      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as
testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence

8      is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

9      You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.
The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

10     It is for you to decide how much weight to give to any evidence.

11     **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
Edition (Last Updated March 2025), Instruction No. 1.5

12

13                              **Jury Instruction No. 6: Ruling on Objections**

14     There are rules of evidence that control what can be received in evidence. When a lawyer asks a
question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

15     the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered
or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot

16     be received. Whenever I sustain an objection to a question, you must ignore the question and must not
guess what the answer would have been.

17     Sometimes I may order that evidence be stricken from the record and that you disregard or ignore
the evidence. That means that when you are deciding the case, you must not consider the evidence that I

18     told you to disregard.

19     **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
Edition (Last Updated March 2025), Instruction No. 1.6

20

21                              **Jury Instruction No. 7: Credibility of Witnesses**

22     In deciding the facts in this case, you may have to decide which testimony to believe and which
testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

23     In considering the testimony of any witness, you may take into account:

24     First, the witness's opportunity and ability to see or hear or know the things testified to;

25     Second, the witness's memory;

26     Third, the witness's manner while testifying;

27     Fourth, the witness's interest in the outcome of the case, if any;

28     Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.7

### Jury Instruction No. 8: Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference

materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.8

### Jury Instruction No. 9: No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.9

### Jury Instruction No. 10: Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.10

### Jury Instruction No. 11: Outline of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments, and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.11

### Jury Instruction No. 12: Questions to Witnesses by Jurors During Trial

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.14

### Jury Instruction No. 13: Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 1.16

## INSTRUCTIONS DURING COURSE OF TRIAL

### Jury Instruction No. 14: Cautionary Instructions

<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So, you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties

1    in this trial, I will now ask each of you whether you have learned about or shared any information about
2    this case outside of this courtroom, even if it was accidental.

3        (In open court): If you think that you might have done so, please let me know now by raising your
     hand.  [Wait for a show of hands.]  I see no raised hands; however, if you would prefer to talk to the court
4    privately in response to this question, please notify a member of the court's staff at the next break.  Thank
     you for your careful adherence to my instructions.

5    **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
     Edition (Last Updated March 2025), Instruction No. 2.1
6
7                        **Jury Instruction No. 15: Stipulations of Fact**

8        The parties have agreed to certain facts that have been stated to you.  Those facts are now
     conclusively established.

9    **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
     Edition (Last Updated March 2025), Instruction No. 2.3
10
11                        **Jury Instruction No. 16: Judicial Notice**

12       I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was
     presented on this point.  You may accept this fact as true, but you are not required to do so.

13   **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
     Edition (Last Updated March 2025), Instruction No. 2.4
14
15                   **Jury Instruction No. 17: Transcript of Recording in English**

16       You are about to [hear] [watch] a recording that has been received in evidence.  Please listen to it
     very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and
17   as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence,
     not the transcript.  If you hear something different from what appears in the transcript, what you hear is
     controlling.  After the recording has been played, the transcript will be taken from you.
18
19   **Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022
     Edition (Last Updated March 2025), Instruction No. 2.6

20              **Jury Instruction No. 18: Other Crimes, Wrongs, or Acts of Defendant**

21       You have heard evidence that the defendant possessed or created other firearms or firearm parts
     on or about September 6, 2024.  This evidence of other acts was admitted only for a limited purpose.  You
22   may consider this evidence only for the purpose of deciding whether the defendant had the state of mind,
     knowledge, or intent necessary to commit the crime charged in the indictment.
23
24       Do not consider this evidence for any other purpose.

25       Of course, it is for you to determine whether you believe this evidence and, if you do believe it,
     whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but
26   only for the limited purpose that I described to you.

27       The defendant is not on trial for committing these other acts.  You may not consider the evidence
     of these other acts as a substitute for proof that the defendant committed the crime charged.  You may not
28   consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.
     Specifically, you may not use this evidence to conclude that because the defendant may have committed
     the other acts, he must also have committed the act charged in the indictment.

Remember that the defendant is on trial here only for knowing possession of a machinegun, not for these other acts. Do not return a guilty verdict unless the government proves the crime charged in the Indictment beyond a reasonable doubt.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 2.10

### Jury Instruction No. 19: Evidence for Limited Purpose

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 2.12

### Jury Instruction No. 20: Statements by Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 3.1

### Jury Instruction No. 21: Other Crimes, Wrongs, or Acts of Defendant

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent and knowledge and for no other purpose.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 3.3

### Jury Instruction No. 22: Impeachment Evidence—Witness

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 3.8

### Jury Instruction No. 23: Dual Role Testimony

Option 1—Facts and Expert Opinions

You are about to hear testimony from Leonard Reloza who will testify about facts and his opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should pay careful attention as to whether the witness is testifying to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 3.15

### Jury Instruction No. 24: Charts and Summaries Not Admitted into Evidence

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 3.16

## JURY DELIBERATIONS – TO BE READ BEFORE OR AFTER CLOSING ARGUMENTS

### Jury Instruction No. 25: Possession of a Machinegun

For you to find the defendant guilty of possession of a machinegun, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant possessed a machinegun; and

*Second*: That the defendant knew it was a machinegun or was aware of the weapon's essential characteristics that made it a machinegun as defined.

**Authority:** Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2024 Edition, Instruction No. 2.43I

### Jury Instruction No. 26: Definition of Machinegun

The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a

weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The government is not required to prove that the machinegun was operable.

**Authority:**

First Paragraph: Title 26, United States Code, Section 5845(b); *United States v. Kuzma*, 967 F.3d 959, 967 (9th Cir. 2020) ("For purposes of 18 U.S.C. § 922(o), which is the basis for [the defendant's] first count of conviction, the term 'machinegun' has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. 5845(b)" (citations omitted)).

Second Paragraph: *United States v. McGiffen*, 267 F.3d 581, 590-91 (7th Cir. 2001) (collecting cases); *United States v. Pena-Lora*, 225 F.3d 17, 31-32 (1st Cir. 2000) (collecting cases); *see also Bondi v. VanDerStok*, 604 U.S. 458, 471, 476 (2025) (Holding, in the context of 18 U.S.C. § 921(a)(3), that statutory authorization to regulate "weapons" applies to inoperable weapons "designed" to "expel a projectile by the action of an explosive" or "capable of being 'readily … converted' to do so" and rejecting the argument that the term "firearm" applies only to operable guns.).

**Parties' Notes:**

The above instruction is proposed by the government. Both parties reserve the right to request additions to, deletions from, or modifications of this definition so as to conform to the evidence at trial.

### Jury Instruction No. 27: Possession—Defined

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.15

### Jury Instruction No. 28: Knowingly

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 4.8

### Jury Instruction No. 29: On or About—Defined

The Indictment charges that the offense alleged in Count One was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count One of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.18

### Jury Instruction No. 30: Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.1

### Jury Instruction No. 31: Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The Indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.2

### Jury Instruction No. 32: Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.3

### Jury Instruction No. 33: Defendant's Decision to Testify

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.4

### Jury Instruction No. 34: Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.5

### Jury Instruction No. 35: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.6

### Jury Instruction No. 36: What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.7

### Jury Instruction No. 37: Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.8

### Jury Instruction No. 38: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.9

### Jury Instruction No. 39: Activities Not Charged

**Government's Proposal:**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.10

**Defendant's Proposal:**

You are here only to determine whether the government has proved beyond a reasonable doubt the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

### Jury Instruction No. 40: Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.19

### Jury Instruction No.  41: Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.20

### Jury Instruction No. 42: Use of Notes

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.21

### Jury Instruction No. 43: Jury Consideration of Punishment

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.22

### Jury Instruction No. 44: Verdict Form

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.23

### Jury Instruction No. 45: Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.24

### Jury Instruction No. 46: Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

**Authority:** Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction 6.31