CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
AMANI S. FLOYD (CABN 301506)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Richard.Ewenstein@usdoj.gov
    Amani.Floyd@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-CR-00079-AMO |
| Plaintiff, | **GOVERNMENT'S TRIAL MEMORANDUM** |
| v. | Trial Date: December 9, 2025 |
| NOAH KANAYE BAUER, | Trial Time: 9:00 a.m. |
| | Courtroom: Ten, 19th Floor, San Francisco |
| Defendant. | Hon. Araceli Martínez-Olguín |

**I.    INTRODUCTION**

Pursuant to the Court's Standing Order for Criminal Cases and the Pretrial Scheduling Order in this case, the United States respectfully submits the following Trial Memorandum.

**II.   LEGAL BASES FOR CHARGES, ANTICIPATED EVIDENCE, AND ANTICIPATED EVIDENTIARY, PROCEDURAL, AND OTHER LEGAL ISSUES**

    **A.    Count One: Possession of a Machinegun (18 U.S.C. § 922(o))**

Count One of the Indictment alleges that, on or about September 6, 2024, Noah Bauer possessed a machinegun, specifically a 3D-printed machinegun conversion device, also known as a "switch" or "auto sear" in violation of 18 United States Code, section 922(o).

1. Elements of Count One

To convict the defendant of Count One, the government must prove that (i) the defendant possessed a machinegun, and (ii) the defendant knew that it was a machinegun or was aware of the weapon's essential characteristics that made it a machinegun as defined. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2024 Edition, Instruction No. 2.43I.[1] The defendant "possessed" the machinegun if he knew of its presence and had physical control of it or knew of its presence and had the power and intention to control it. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition (Last Updated March 2025), Instruction No. 6.15. A "machinegun" means "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). The term also includes "the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." *Id*. The statutory definition of a machinegun does not require that the machinegun to be operable. *United States v. McGiffen*, 267 F.3d 581, 590-91 (7th Cir. 2001) (collecting cases); *United States v. Pena-Lora*, 225 F.3d 17, 31-32 (1st Cir. 2000) (collecting cases); *see also Bondi v. VanDerStok*, 604 U.S. 458, 471, 476 (2025) (holding, in the context of 18 U.S.C. § 921(a)(3), that statutory authorization to regulate "weapons" applies to inoperable weapons "designed" to "expel a projectile by the action of an explosive" or "capable of being 'readily … converted' to do so" and rejecting the argument that the term "firearm" applies only to operable guns).[2]

2. Evidence of Count One

To prove that the defendant possessed a machinegun, the government intends to introduce evidence of the events of September 6, 2024, starting with the first 911 call and the Brentwood Police Department's (BPD) response to a Raley's grocery store for a report of two men with a firearm. When

---

[1] There is no model jury instruction for Possession of a Machinegun in Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit.

[2] Though the statutory definition of a machinegun does not mention the word "firearm," a machinegun is classified as a "firearm" under Title 21, United States Code, Section 5845(a)(6) (definition of a "firearm").

BPD Officers Fish and Rojas arrived, they found the defendant and his twin brother in one of the store's aisles and detained them. Officer Fish found an unloaded 3D-printed handgun in the defendant's waistband, leading to the larger investigation.

The government will then introduce recordings of the Mirandized interview with the defendant in which he admitted to BPD Detectives Goold and Kathain that he had a 3D printer in his bedroom and had used it to produce the 3D-printed firearm that he had in his possession earlier that day and other firearm parts. During the interview, the defendant consented to a search of his bedroom at his family's home.

The government will then introduce evidence obtained during that search including the 3D-printed auto sear that forms the basis for Count One, the 3D-printed frames of three handguns found on the defendant's bed upon entry into his bedroom, and images of the 3D printer itself. The government will also present evidence about the list of jobs found on the 3D printer at the time it was found in the defendant's bedroom, the software visualizations of an auto sear that were found on the PC computer inside of the defendant's home, and the website history on the PC computer that relates to manufacturing firearms, including automatic firearms and auto sears. As proof of the defendant's knowledge, the government will also introduce evidence of the defendant's statements made during the search of his bedroom, including an admission that he knew the purpose for which the auto sear could be used.

The government will also offer the testimony of Leonard Reloza, Chief of the Field Response Branch – West, Firearms & Ammunition Technology Division, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Reloza will testify as both a fact witness, who was present for and supervised the testing of the auto sear, and as a noticed expert who will opine that the auto sear meets the statutory definition of a "machinegun" notwithstanding the fact that it broke during testing.

Lastly, the government will introduce evidence obtained during the search of the defendant's home in March 2025, specifically evidence regarding the preliminary and subsequent search of the PC computer found in the common area of the defendant's home. As proof of the defendant's knowledge, intent, and/or plan, the government will introduce evidence of the defendant's ChatGPT queries relating to auto sears in March 2024. The government will also introduce the defendant's subsequent ChatGPT queries, internet browser searches, and website visits relating to auto sears to show the defendant's consciousness of guilt.

3.  Count One: Anticipated Evidentiary, Procedural and Other Legal Issues

The government has moved *in limine* to admit—as direct evidence, inextricably intertwined evidence, and/or Rule 404(b) evidence of knowledge and intent—evidence of the defendant carrying a firearm in Raley's, possessing three 3D-printed frames of handguns, and admitting to ordering rails for a firearm online. ECF 64 at 3-5. The defendant has moved *in limine* to exclude that same evidence. ECF 65 at 7-13.

The government has proposed that Jury Instruction No. 26, the jury instruction regarding the definition of a machinegun, include a sentence reading: "The government is not required to prove that the machinegun was operable." The parties have reserved the right to request additions to, deletions from, or modifications to the definition of a machinegun in Instruction No. 26 at the close of the case to conform the instruction to the evidence at trial.

DATED: November 12, 2025               Respectfully submitted,

                                       CRAIG H. MISSAKIAN
                                       United States Attorney


                                        /s/
                                       RICHARD EWENSTEIN
                                       AMANI S. FLOYD
                                       Assistant United States Attorneys