UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOAH KANAYE BAUER,<br><br>Defendant. | Case No. 25-cr-00079-AMO-1<br><br>**SUPPLEMENTAL JURY INSTRUCTION** |

The Court attaches hereto the supplemental jury instruction used to instruct the jury orally on December 11, 2025, in response to note 3.

**IT IS SO ORDERED.**

Dated: December 11, 2025

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

Members of the jury, you have reported that you are unable to reach a unanimous verdict in this case. I realize and appreciate that you are having some difficulty in reaching unanimity, but that is not unusual.

To attempt to assist you in reaching a unanimous verdict, I want to suggest some additional thoughts for your consideration. Sometimes after hearing this additional instruction and engaging in further discussions, jurors can work out their differences and agree unanimously on a verdict.

Although there is no requirement that you reach a verdict in this case, your goal as jurors should be to reach a fair and impartial verdict if you are able to do so based on the evidence presented and the principles of law on which I have instructed you.

It is your duty, as jurors, carefully to consider, weigh, and evaluate all the evidence that has been presented during the trial. It is also your duty to discuss your views on the evidence with your fellow jurors. And it is your duty to listen to and consider the views of your fellow jurors.

During your deliberations, you should not hesitate to reexamine your views or request that fellow jurors reexamine their views. Likewise, you should not hesitate to change a viewpoint that you held initially, if you become convinced that that viewpoint is wrong. Nor should you hesitate to suggest that other jurors change their views if you are convinced that they are wrong.

Keep in mind that while each of you must decide the case for yourself, you should do so only after an impartial consideration of all the evidence with fellow jurors and after fairly considering and evaluating the viewpoints of fellow jurors.

No juror, however, should surrender an honest belief as to the weight or effect of the evidence solely because of the opinion of fellow jurors or merely for the purpose of returning a verdict.

I remind you that the Defendant is presumed to be innocent and that the Government, not the Defendant, has the burden of proof. Also, the Government must prove the Defendant guilty beyond a reasonable doubt.

Those of you who believe that the Government has proved the Defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other conscientious members of the jury are not convinced. On the other hand, those

who believe that the Government has not proved the Defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other equally conscientious members of the jury do not share that doubt. In short, every individual juror should reconsider and reexamine his or her own views.

Fair and effective jury deliberations require frank and forthright exchange of views. As the jury in this case, you have absolute discretion to conduct your deliberations in any way you deem appropriate. I want to suggest to you, however, that because you have not been able to reach a verdict using the methods you have tried so far, you consider the possibility of trying some new methods.

For example, you may wish to have different jurors lead the discussion for a period. Sometimes reconsidering issues from a new or a fresh perspective is helpful. Or you may wish to engage in what is called "reverse role playing." That is, you might consider having those of you on one side of an issue present or advocate the other side's position, and vice versa. Either of these methods might enable you to better understand one another's positions.

By suggesting these different methods of deliberation, I want to stress that I am not dictating to you how you should conduct your deliberations. Nor am I attempting to pressure you to reach a verdict or demanding that you reach a verdict at all costs. There is no requirement, of course, that you reach a verdict in this case.

Instead, I am merely suggesting that you consider additional or alternative methods of ensuring that each juror has a full and fair opportunity to express his or her point of view and that all jurors strive to consider and understand and engage the views of their fellow jurors.

During your further deliberations, you should also reconsider the instructions that I previously gave you and that you have in the jury room. All the instructions, I remind you, are important. And you should consider this supplemental instruction in conjunction with the other instructions that I have previously given.

Nothing that I have said in this Supplemental Instruction is meant to rush you or pressure you into agreeing on a verdict. I want to emphasize that. Take as much time as you need to discuss

1  things. There is no hurry. I now ask you to take this Supplemental Instruction back into the jury
2  room and continue your deliberations with these additional comments in mind.