CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
AMANI S. FLOYD (CABN 301506)
MICHELLE KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    richard.ewenstein@usdoj.gov
    amani.floyd@usdoj.gov
    michelle.kane@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:25-cr-00079-AMO |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| NOAH KANAYE BAUER, | |
| Defendant. | |

On March 10, 2025, defendant Noah Kanaye Bauer was charged by Complaint with unlawful possession of a machinegun, in violation of Title 18, Section 922(o). ECF No. 1. On March 17, 2025, the Honorable Kandis A. Westmore ordered the defendant detained pending trial, finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. ECF No. 11. The Court further reasoned that continued detention was appropriate because: (1) the weight of the evidence against the defendant was strong; (2) lengthy period of incarceration if convicted; (3) lack of stable employment; and (4) mental health history. The Court specifically cited to evidence establishing the defendant manufactured a

handgun and "machinegun," expressed interest in antisemitic and white supremacist ideology, and sought out information related to mass murderers, including Elliot Rodgers, and types of ammunition that would penetrate level 4 armor. ECF No. 11. As the Court noted, these searches continued following the defendant's arrest in September 2024 by state authorities. *Id*.

On July 24, 2025, the Honorable Kandis A. Westmore granted defendant's motion to reopen his detention hearing and ordered the defendant released on conditions. ECF No. 45. Those conditions included that the defendant must not possess any firearm, destructive device, or other dangerous weapon, and that the defendant must participate in mental health treatment as directed by Pretrial Services. ECF No. 47.

On December 30, 2025, the Court issued a warrant for defendant's arrest based on a violation of the conditions of his pretrial supervision. Specifically, on December 30, 2025, defendant's therapist reported to Pretrial Services that defendant had regressed, that in their last session he was agitated, aggressive in his movements, and made indirect threats towards the therapist. The therapist stated that they felt unsafe. Defendant made racial insults, including using the "n" word towards the therapist on several occasions. Defendant reportedly said he "was going to fix his surroundings and make it all white" and that "an elimination was coming." The therapist also reported that defendant said, "the FBI cannot stop me from carrying a firearm and I'm going to carry a firearm anyways."

On December 31, 2025, defendant was arrested. This matter came before the Court on January 2, 2025, for a detention hearing. The defendant was present and represented by John Paul Reichmuth. Assistant United States Attorney Helen Gilbert appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, the prior briefing on detention submitted in this matter, and for the reasons stated on the record, the Court finds by clear and convincing evidence that defendant has violated a condition of his release, that is, participation in mental health treatment as required by Pretrial Services. The Court also finds based on the factors set forth in 18 U.S.C. § 3142(g) that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. Accordingly,

the defendant's release order is revoked, and he is ordered detained pending trial in this matter pursuant to 18 U.S.C. § 3148(b).  Defendant's violation of the terms of his pretrial release also constitutes new evidence under 18 U.S.C. § 3142(f)(2), the proceedings today constituted a re-opened detention hearing, and he is ordered detained pending trial based on the Court's finding, based on the factors set forth in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:  the nature and circumstances of the offense, the weight of the evidence, the characteristics of the defendant, and the seriousness of the danger defendant presents to the community if he were allowed to remain in the community.  Specifically, the new statements by the defendant that he would "fix his surrounds and make them all white," that "an elimination was coming," and that the FBI could not stop him from carrying a firearm and that he would "carry a firearm anyways" along with the defendant's prior actions and statements regarding manufacturing firearms and an illegal machinegun, his research of mass shootings and mass shooters, and his antisemitic and white supremist statements and consumption of such media evince a dangerousness to the community that cannot be alleviated short of detention.  This finding is made without prejudice to the defendant's right to seek review of defendant's detention before the Honorable Kandis A. Westmore, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the

1  defendant to an authorized United States Marshal for the purpose of any appearance in connection with a
2  court proceeding.
3       IT IS SO ORDERED.

5  DATED: January 2, 2026

          *Sallie Kim*
          HONORABLE SALLIE KIM
          United States Magistrate Judge