CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
AMANI S. FLOYD (CABN 301506)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Richard.Ewenstein@usdoj.gov
Amani.Floyd@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOAH KANAYE BAUER,<br><br>Defendant. | CASE NO. 4:25-CR-00079-AMO<br><br>RESPONSE TO DEFENDANT'S OBJECTIONS TO PROPOSED SPECIAL CONDITIONS 9 AND 10<br><br>Hon. Araceli Martínez-Olguín |

This case is set for sentencing before this honorable Court on September 21, 2026, at 2:00 p.m. In the Presentence Investigation Report ("PSR"), U.S. Probation has recommended Special Conditions of Supervised Release about which the parties reached no prior agreement. *See* PSR at 27-30. Defendant Noah Bauer has objected to two of these conditions, 9 and 10, which would require prior approval by Probation for Bauer to use or possess "computers or computer-related devices" and monitoring by Probation of any such devices if approved, respectively. *Id.* at 29-30; Dkt. 149 (Defendant's Sentencing Memorandum) at 6-8. The government hereby responds to the Court's order for the government's position regarding these objections. Dkt. 150.

Bauer pled guilty pursuant to a plea agreement in which he agreed to be subject to three special conditions of supervision. Dkt. 144 at 4-5. The parties reached no agreement about what additional special conditions would be imposed, if any. The government strongly feels that these negotiated conditions are necessary to protect the public and advance the goals of sentencing given the facts of this case. Of particular importance here is Special Condition 8, which reads:

> The defendant shall not access any internet websites relating to the acquisition, manufacturing, or modification of firearms or any weapons, nor shall he prompt any artificial intelligence (AI) tools about acquiring, manufacturing, or modifying firearms or any weapon.

The government infers that Probation believes Special Conditions 9 and 10 as being useful (or perhaps necessary) to ensure compliance with Special Condition 8. PSR at 29. That is, if Probation does not know what devices Bauer uses/possesses and cannot monitor those devices, Probation's ability to ensure Bauer's compliance with Special Condition 8 will be severely curtailed.

A computer monitoring condition must have a nexus between future computer use and a need to deter future criminal conduct. *United States v. Bare*, 806 F.3d 1011, 1019 (9th Cir. 2015). However, there need not be a nexus between the offense conduct itself and the computer search condition. *Id*. For example, in *Bare*, the defendant acquired firearms through his running of a pawn business, the records of which he kept on paper. *Id*. at 1019. However, recognizing that he could keep future records of such a business electronically, and to avoid creating that "loophole," the district court imposed the computer monitoring condition. *Id*. The Court of Appeals affirmed, finding that the condition satisfied the nexus required between the offense and the need for adequate deterrence. *Id*. at 1020. *See also United States v. Manuel,* 601 Fed.Appx. 585, 585–86 (9th Cir.2015) (upholding a computer search condition—imposed due to Department of Corrections records indicating gang affiliations or involvement—for a defendant convicted of being a felon in possession of ammunition); *United States v. Hayes,* 283 Fed.Appx. 589, 594 (9th Cir.2008) (upholding a computer monitoring condition—imposed due to evidence of the use of text messaging to threaten and harass former wives—for a defendant convicted of making a false statement to acquire a firearm).

Here, although it is not necessary for imposition of the monitoring condition, Bauer did use his

computer in the commission of the offense, (to download schematics for the MCD that he then transferred to his 3-D printer). Moreover, there is a nexus between future computer use and the need to deter future criminal conduct; Special Condition 8, to which Bauer has agreed, says as much.

Bauer responds that Special Condition 6, the suspicionless search condition, "is a sufficient deterrent and check on compliance" with Special Condition 8. ECF 149 at 8. The government agrees that Special Condition 6 is one method of monitoring compliance with Special Condition 8, and the only method to which the parties stipulated, but it is far from foolproof.

Bauer surely knows that Probation can only search his devices so often and that anything he does on those devices in between compliance checks will go undetected. Moreover, he has been informed that Probation "uses a reasonable suspicion standard when determining whether it is appropriate for a U.S. Probation Officer to conduct a search of a person under supervision." PSR at 29. This means that Bauer's devices will not be subject to randomized compliance checks at all, unless Probation has some independent basis on which to suspect he is violating the terms of his supervision. The approval and monitoring conditions in Special Conditions 9 and 10 provide an alternative, and more comprehensive, method of ensuring compliance with Special Condition 8.

The government's primary concern is that Bauer abide by Special Condition 8 and the other Special Conditions to which the parties agreed. However, it is U.S. Probation officers, and not federal prosecutors, who have expertise in supervising defendants. If Probation needs Special Conditions 9 and 10 to ensure compliance with Special Condition 8 and other conditions, the government is ill-suited to tell the Court that Probation is incorrect.

Dated: September 18, 2026

CRAIG H. MISSAKIAN
United States Attorney

/s/
RICHARD EWENSTEIN
AMANI S. FLOYD
Assistant United States Attorneys